FILED
2023 Jul-20 PM 03:02
U.S. DISTRICT COURT
N.D. OF ALABAMA



# IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ALABAMA
## EASTERN DIVISION

| | | |
|---|---|---|
| C.W., by and through his Next Friend, MARY DOE, | ) ) ) | |
| Plaintiff, | ) ) ) | |
| vs. | ) ) ) | Case No. 1:23-cv-368-CLM |
| STEVE SMITH and PIEDMONT CITY SCHOOL DISTRICT, | ) ) ) ) | |
| Defendants. | ) | |

## DEFENDANT PIEDMONT CITY SCHOOL DISTRICT'S
## MOTION TO DISMISS PLAINTIFF'S FIRST AMENDED COMPLAINT

Taylor P. Brooks
*Attorney for Defendant*
*Piedmont City School District*
**LANIER FORD SHAVER & PAYNE P.C.**
Post Office Box 2087
Huntsville, Alabama 35804
(256) 535-1100 - Telephone
(256) 533-9322 - Facsimile
Email: tpb@lanierford.com

## TABLE OF CONTENTS

I.    PLAINTIFF'S FIRST AMENDED COMPLAINT ................... 1

      A.    Factual Allegations in the First Amended Complaint ............ 1

      B.    Causes of Action ........................................ 3

II.   LEGAL ARGUMENT ......................................... 3

      A.    Requirement to Allege Sufficient Facts to State
            Plausible Claim ...................................... 3

      B.    Title IX Standards for Student-on-Student Harassment .......... 4

      C.    Plaintiff's Title IX Claim Fails Because Allegations Do Not
            Plausibly Allege Discrimination on the Basis of Sex ........... 5

            1.    Title IX claim must allege discrimination on the
                  basis of sex ..................................... 5

            2.    A motion to dismiss should be granted of allegations
                  do not plausibly allege gender discrimination ............ 6

            3.    Plaintiff's allegations are not sufficient to
                  demonstrate harassment on the basis of sex .............. 7

            4.    Plaintiff's allegations of attempted hazing and teasing or
                  bullying do not amount to discrimination based on sex .... 9

      D.    Plaintiff's Title IX Claim Fails Because Plaintiff Does Not
            Plausibly Allege Severe and Pervasive Harassment ........... 11

            1.    Harassment and name-calling in schools, even if based on
                  gender, do not implicate Title IX unless severe and
                  pervasive ...................................... 11

2.    Only instances of harassment which are based on gender can be included in severe and pervasive analysis ............. 12

3.    Plaintiff's allegations, even if true, do not plausibly allege severe and pervasive harassment as required by Title IX   .. 13

III.    CONCLUSION ............................................... 15

CERTIFICATE OF SERVICE ................................... 16

Defendant Piedmont City School District ("the District") files this Motion to Dismiss the First Amended Complaint of Plaintiff C.W. by and through her guardian and Next Friend, Mary Doe ("Plaintiff") and states as follows:

## I.   PLAINTIFF'S FIRST AMENDED COMPLAINT

### A.   Factual Allegations in First Amended Complaint

Plaintiff was a ninth grade male student at Piedmont High School in August 2022. (Doc. 26, ¶ 22). According to Plaintiff, during the second week of school in August 2022, a student approached Plaintiff in the boys' bathroom, "took ahold of his arm," and pulled him over to another student who had his pants pulled down. (Id., ¶ 25). Plaintiff *believes* that the "goal" of this interaction was to force him to look at the student's private parts and call him gay for looking. (Id., ¶ 26). Plaintiff also claims that football players would often taunt him and make him uncomfortable by slapping him on the butt as they walked by in the locker room. (Id., ¶ 42).

On August 25, 2022, during fifth period, Plaintiff and four other students were in the field house locker room while the other football players were watching film. (Doc. 26, ¶ 27). No coach or faculty member was in the locker room. (Id., ¶ 29). Plaintiff contends that one of the students asked him if he felt bullied. (Id., ¶ 30). Plaintiff alleges he responded that he did not, whereby the student replied "well that is too bad." (Id). Plaintiff claims that the four students informed him about a 2019

-1-

incident where upperclassmen held down a student and "rectally assaulted him with keys." (Id., ¶ 31). Plaintiff asserts that one of the students said "we are going to key you" with a handful of keys in his hand. (Id., ¶ 32). Plaintiff claims to have responded to this statement by saying "no I am good on that" and walked to another side of the locker room. (Id., ¶ 33). Plaintiff alleges that the students followed him and were talking amongst themselves about "gay sex" and "gay family members." (Id., ¶ 34). Plaintiff states that the other students surrounded him and, in an attempt to escape, he tackled one of the students who was blocking the door. (Id., ¶¶ 35, 36). Plaintiff says he was then "beaten up" by the students. (Id., ¶ 37). Plaintiff suffered "minor injuries" as a result of this incident. (Id., ¶ 38).

Plaintiff informed his mother about this incident. (Doc. 26, ¶ 39). His mother filed a police report. (Id). The next morning, the school principal called Plaintiff into his office for a meeting with the football coach, Defendant Steve Smith ("Smith"), whereby Plaintiff told them what had occurred. (Id., ¶40). Plaintiff claims that Smith said he was "taking it too seriously." (Id., ¶ 45). The Principal and Smith spoke with the other students involved. (Id., ¶ 40).

After the locker room incident, Plaintiff alleges that he was continually made fun of because he "chickened out" of the ritual and because he reported to the principal what had occurred. (Doc. 26, ¶ 43). According to the First Amended

Complaint, Smith held a team meeting where he told that the players that "you should not make fun of people who are easily offended." (Id., ¶ 44). The First Amended Complaint speculates that everyone knew Smith was referring to Plaintiff. (Id). Plaintiff claims that this statement gave the impression he was "too sensitive" and that rumors were spread around school subjecting him to "relentless teasing and bullying from other students." (Id., ¶ 46). Plaintiff claims that the locker room incident was the "last straw." (Id., ¶ 49). Thus, Plaintiff transferred to another school. (Id., ¶ 50).

## B.      Causes of Action

Count I of the First Amended Complaint asserts a claim for violation of Title IX against the District. (Doc. 26, ¶¶ 53-59). Plaintiff contends that the District had notice of the students' practice of harassing and sexually assaulting students, but failed to initiate corrective action. (Id., ¶¶ 56-58). Plaintiff claims that, as a result, he was assaulted causing him to transfer from Piedmont High School. (Id., ¶ 59).

The remaining claims in the First Amended Complaint were only asserted against Defendant Steve Smith. (Doc. 26 at pp. 10-12).

## II.   LEGAL ARGUMENT

### A.    Requirement to Allege Sufficient Facts to State Plausible Claim

In order "[t]o survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to state a claim that is plausible on its face." Doe v.

Samford University, 29 F.4th 675, 685 (11th Cir. 2022). Since the presumption of truth only applies to facts, the court may disregard labels and conclusions couched as factual allegations. Id.

"A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Doe, 29 F.4th at 685. "Factual allegations that are merely consistent with a defendant's liability fall short of being facially plausible." Id. "[W]hen determining whether the complaint crosses the line between possibility and plausibility of entitlement to relief, courts may infer from the factual allegations in the complaint obvious alternative explanations which suggest lawful conduct rather than the unlawful conduct the plaintiff would ask the court to infer." Id. at 686; see Bell Atl. Corp. v. Twombly, 550 U.S. 544, 554 (2007) (holding that the allegations of wrongdoing were not plausible because the facts alleged were "consistent with [liability], but just as much in line with a wide swath of" lawful conduct).

### B.  Title IX Standards for Student-on-Student Harassment

In order to establish liability under a theory of student-on-student sexual harassment, a student must show: (1) defendant is a recipient of federal funding: (2) an official with authority to take corrective action has actual knowledge of the harassment; (3) defendant acted with deliberate indifference to known acts of gender

based harassment; and (4) the harassment is so severe, pervasive, and objectively offensive that it effectively bars the victim's access to an educational opportunity. GP v. Lee County School Bd, 737 Fed.Appx. 910, 914 (11th Cir. June 5, 2018).

Plaintiff's First Amended Complaint fails to allege a plausible Title IX claim because he does not allege harassment based on gender and because he does not allege harassment that is sufficiently severe and pervasive.

### C.     Plaintiff's Title IX Claim Fails Because Allegations Do Not Plausibly Allege Discrimination on the Basis of Sex

#### 1.     Title IX claim must allege discrimination on the basis of sex

Title IX provides that "[n]o person . . . shall, *on the basis of sex*, be excluded from participation in, be denied the benefits of, or be subjected to discrimination under any education program or activity receiving federal financial assistance."  20 U.S.C. § 1681(a) (emphasis added).  The purpose of Title IX, "as derived from its text, is to prohibit **sex** discrimination in education." Kasper v. School Board of St. Johns County, 57 F.4th 791, 811 (11th Cir. 2022)(en banc)(emphasis in original). "In other words, to prevail on her claim under Title IX, the plaintiff must establish that the defendant acted with the intent to discriminate against [him] on account of gender."   Benefield v. The Board of Trustees of the University of Alabama at Birmingham, 214 F.Supp.2d 1212, 1217 (N.D. Ala. 2002).

### 2.    A motion to dismiss should be granted if allegations do not plausibly allege gender discrimination

In deciding whether to grant a motion to dismiss a Title IX claim on the basis that the Plaintiff failed to allege discrimination on the basis of gender, the Eleventh Circuit has stated that the court should "ask whether the alleged facts, if true, permit a reasonable inference that the [educational institution] discriminated against Doe on the basis of sex." Doe v. Samford Univ., 29 F.4th 675, 687 (11th Cir. 2022).

Where a plaintiff has not plausibly alleged facts in his complaint to support a reasonable inference of sex discrimination, a motion to dismiss to the Title IX claim is due to be granted. See Doe, 29 F.4th at 693; Benefield, 214 F.Supp.2d at 1228; see also Frazier v. Fairhaven School, 276 F.3d 52, 66 (1st Cir. 2002) ("Discrimination on the basis of sex is sine qua non of a Title IX sexual harassment case, and a failure to plead that element is fatal."); Seamons v. Snow, 84 F.3d 1226, 1233 (10th Cir. 1996) ("Because [plaintiff] has failed to allege facts sufficient to show that the actions or inactions of school officials . . . was based on his sex, we conclude he has not stated a claim under Title IX."); Nungesser v. Columbia Univ., 244 F.Supp.3d 345 (S.D. N.Y. 2017) ("Because [plaintiff] plausibly alleges neither that he was harassed because of his male gender, nor that he was subjected to sexually harassing conduct . . ., he does not allege discrimination "on the basis of sex" as required by Title IX.").

### 3.   Plaintiff's allegations are not sufficient to demonstrate harassment on the basis of sex

Plaintiff alleges several instances of mistreatment.  First, Plaintiff alleges that a student grabbed his arm in the school bathroom and pulled him over to another student who had his pants pulled down, whereby Plaintiff left the bathroom.  Second, Plaintiff contends he was verbally threatened with a "keying" ritual.  When Plaintiff attempted to leave, he was "beaten up," but there was no allegation that he was subjected to this ritual or sexually assaulted in any way.  Plaintiff contends he suffered "minor injuries" as a result.  Third, Plaintiff claims that the coach told the team that "you should not make fun of people who are easily offended" and speculated that it was understood the coach was referring to him.  Fourth, Plaintiff says he was subjected to "teasing and bullying" from other students for reporting this incident and for "chickening out."  Fifth, Plaintiff contends that football players would often taunt him and made him uncomfortable by slapping him on the butt as they walked by in the locker room.

The fundamental problem with Plaintiff's allegation of a Title IX violation is that these allegations do not state a claim for discrimination on the basis of sex.  In order for a Title IX claim to survive a motion to dismiss, "the complaint must plead conduct not merely tinged with sexual connotations, but that actually constituted

discrimination because of sex." <u>Morgan v. Town of Lexington</u>, 138 F.Supp.3d 82,

95 (D. Mass. 2015). Case law demonstrates that Plaintiff's allegations fail this test.

In <u>Morgan</u>, the complaint alleged that the plaintiff, a middle school student,

had his pants pulled down in front of other students (both male and female) on

multiple occasions by students who had previously assaulted him. <u>Morgan</u>, 138

F.Supp.3d at 95. Other students called the plaintiff "Mandex Man," "thunder thighs,"

and "hungry hippo." <u>Id</u>. The plaintiff alleged that school administration refused to

discipline the students and the harassment and bullying continued. <u>Id</u>.

The <u>Morgan</u> court determined that "[t]hese allegations, even accepted as true,

do not state a Title IX claim." <u>Morgan</u>, 138 F.Supp.3d at 95. In granting the motion

to dismiss, the court stated that, "while humiliating and embarrassing," the factual

allegations did not set forth a claim for discrimination on the basis of sex. <u>Id</u>.

The allegations in the Plaintiff's First Amended Complaint are comparable to

those in <u>Morgan</u> and are a classic case of alleged harassment which, at best, is

"merely tinged with offensive sexual connotations." Here, Plaintiff's arm was

allegedly pulled to lead him to view another male student who had pulled down his

pants in a bathroom. Also, male students allegedly threatened to "key" Plaintiff and

had conversations amongst themselves about "gay sex" and "gay family members."

While this conduct may be tinged with offensive sexual connotations, there is nothing

about this conduct which demonstrates discrimination on the basis of sex. Similarly, allegations of butt slaps by football teammates and "taunts" do not establish gender discrimination. Plaintiff does not reveal the content of the taunts so there is nothing to establish that these alleged taunts are related to gender. Moreover, butt slaps from teammates are not evidence of gender discrimination. The Plaintiff was not sexually assaulted, nor was he the object of any sexual slurs, and there is no allegation that Plaintiff was treated differently because he did not adhere to male stereotypes.

> **4. Plaintiff's allegations of attempted hazing and teasing or bullying do not amount of discrimination based on sex**

Plaintiff heavily relies on the incident where he was threatened with a hazing ritual and then "beaten up." However, it is important to note that Title IX "does not prohibit 'hazing' that does not constitute sexual harassment." Burch v. Young Harris College, 2013 WL 11319423, *7 (N.D. Ga. Oct. 9, 2013). Plaintiff does not contend that he was sexually assaulted in any way in the locker room. Rather, he was "beaten up" and suffered "minor injuries." There is no allegation of Plaintiff suffering sexual harassment, nor is there any allegation which would support that this attempted hazing was undertaken "because of sex."

Plaintiff also alleges that students teased or bullied him because he reported the incident or for "chickening out." The anger of some students toward Plaintiff for

reporting that he was "beaten up" is not an issue of gender. Rather, if this occurred, it is matter of personal animus toward Plaintiff. An action motivated by personal animus is not undertaken because of sex as required by Title IX. See Sanches v. Carrollton Branch Ind. School District, 647 F.3d 156, 165-66 (5th Cir. 2011).

In Seamons v. Snow, 84 F.3d 1226 (10th Cir. 1996), the plaintiff was assaulted in a locker room by five teammates. The plaintiff was grabbed by his teammates after he came out of the shower, forcibly restrained and bound to a towel rack with adhesive tape, his genital area was taped, and the teammates brought the girl he used to date into the locker room to view him. Seamons, 84 F.3d at 1230. After plaintiff reported the incident, the final game of the season was canceled. Id. Plaintiff was branded as the cause of the demise of the football team and was harassed and threatened. Id. The coaches said the plaintiff should have "taken it like a man" and trivialized it by saying "boys will be boys." Id. The principal eventually suggested that plaintiff leave the school, and he subsequently enrolled in another school. Id.

The plaintiff in Seamons filed a Title IX claim only on the basis of the actions which occurred *after* the locker room assault. The Tenth Circuit affirmed the dismissal of the Title IX claim on the basis that the alleged conduct was not based on sex. Id. at 1232-33. In affirming the dismissal of the Title IX claim, the Seamons court stated:

[Plaintiff] points to comments made by school officials such as 'boys will be boys' and 'he should take it like a man' to support his argument that he was subjected to a sexually hostile school environment. These statements, however, fall short of showing sex discrimination. The qualities Defendants were promoting, team loyalty and toughness, are not uniquely male. The fact that the coach, and perhaps others, described these qualities as they pertain to his situation in the masculine gender does not convert this into sexual harassment. [Plaintiff] has not alleged that Defendants would have acted differently if a similar event had occurred in the women's athletic program.

Id. at 1233.

For these reasons, the District's Motion to Dismiss is due to be granted.

D.      **Plaintiff's Title IX Claim Fails Because Plaintiff Does Not Plausibly Allege Severe and Pervasive Harassment**

Even if the Court finds that some or all of the conduct was motivated by gender, the Title IX claim is still due to be dismissed because the plaintiff cannot meet the requirement of alleging severe and pervasive harassment.

1.      **Harassment and name-calling in schools, even if based on gender, do not implicate Title IX unless severe and pervasive**

"In the context of student-on-student harassment, damages are only available where the behavior is so severe, pervasive, and objectively offensive that it denies victims access to equal education." Hawkins v. Sarasota County School Board, 322 F.3d 1279, 1288 (11th Cir. 2003). "Due to their immaturity, children of various ages will invariably engage in some forms of teasing, shoving, and name-calling that target

differences in gender." <u>Adams v. Demopolis City Schools</u>, 592 F.Supp.3d 1049, 1061 (S.D. Ala. 2022). "Some risk of sexual harassment is inherent in the enterprise of public education, in particular, because public schools must educate even the most troublesome and defiant students." <u>Id</u>.

"When interacting with each other, children often exhibit behavior which would be wholly unacceptable between adults." <u>Hawkins</u>, 322 F.3d at 1288. "The real world of school discipline is a rough-and-tumble place where students practice newly learned vulgarities, erupt with anger, tease and embarrass each other, share offensive notes, flirt, push and shove in the halls, grab and offend." <u>Id</u>. "In the school setting, students often engage in insults, teasing, shoving, and gender-specific conduct that is upsetting to the student subjected to it." <u>Id</u>. "Damages are not available for simple acts of teasing and mere name-calling among school children even when these comments target differences in gender." <u>Id</u>.

### 2.     Only instances of harassment which are based on gender can be included in severe and pervasive analysis

Even where a court finds that one act of harassment is based upon sex, the court cannot infer that other acts of bullying or harassment are sexual in nature or based on Plaintiff's gender when determining if the alleged harassment meets the severe and pervasive standard. <u>Hankey v. Town of Concord-Carlisle</u>, 136 F.Supp.3d

52, 65-68 (D. Mass. 2015).  In <u>Hankey</u>, a student keyed the word "cunt" into the bumper of plaintiff's car.  <u>Id</u>. at 67.  In addition, the plaintiff in <u>Hankey</u> suffered a great deal of other bullying and harassment from other students, including threatening voice mails, keying the words "retard", "haha", "#pathetic", and "Ready?" into her car at various times, having feces placed on her driver's side door, having taunting words written about her in school bathroom stalls, a student posted "#pathetic" about plaintiff online, and three students posted a picture online giving plaintiff the middle finger.  <u>Id</u>. at 56- 57.  Even though the word "cunt" had a sexual connotation, the <u>Hankey</u> court held that there was no evidence that the other bullying and harassment was based on sex, and discrimination based on sex could not be inferred from the one incident with a sexual connotation.  <u>Id</u>. at 67-68.  Thus, when considering whether the plaintiff met the "severe and pervasive" element, the court only considered this one incident.  <u>Id</u>. at 67.  The <u>Hankey</u> court held that it could not find that "the harasser(s) act of keying 'cunt' into plaintiff's car bumper on one occasion constitutes severe and pervasive sexual harassment as required for a Title IX claim." <u>Id</u>. at 67.

> **3.    Plaintiff's allegations, even if true, do not plausibly allege severe and pervasive harassment as required by Title IX.**

In support of his contention that he suffered severe and pervasive harassment, Plaintiff alleges that, while in the bathroom, a student grabbed his arm and pulled him

over to another student who had his pants pulled down, whereby Plaintiff left the bathroom; he was threatened with a "keying" ritual and then he was "beaten up" when he tried to leave whereby he suffered "minor injuries"; the coach told the team that "you should not make fun of people who are easily offended" and that it was understood the coach was referring to him; he was subjected to "teasing and bullying" from other students for reporting this incident and for "chickening out"; and Plaintiff claims that football players would often taunt him and made him uncomfortable by slapping him on the butt as they walked by in the locker room.

Plaintiff's allegations, even if true, do not rise the level of severe and pervasive harassment needed to state an actionable Title IX claim. Plaintiff was not sexually assaulted or improperly touched in a sexual manner. Plaintiff contends he was "beaten up," but this occurred on only one occasion and Plaintiff only suffered minor injuries. While Plaintiff contends that, prior to being beaten up, he was threatened with a "keying" ritual, this threat never materialized. The bathroom incident was not an assault or sexual harassment, but rather is the type of childish behavior described in Hawkins which does not rise to the level of severe or pervasive harassment. The alleged teasing and bullying about reporting the locker room incident and "chickening out" is conduct which on its face is not motivated by gender. Plaintiff's vague accusation of being "taunted" cannot be considered in the harassment analysis

because there is no allegation that the taunts were related to gender. Moreover, butt slaps from teammates in sports are common and are not evidence of severe or pervasive harassment. There is no allegation that Plaintiff was teased or bullied because he did not adhere to male stereotypes. Therefore, none of this alleged teasing or bullying can be factored into the severe and pervasive analysis. See Hankey, 136 F.Supp.3d at 67-68. Even if it could, this conduct still does not rise to the level to be actionable under Title IX.

Plaintiff's allegations concerning Smith's statements to the team or the sufficiency of the school's punishment of the students is not relevant to the severe and pervasive analysis. "[F]or peer-to-peer sex discrimination to be actionable under Title IX, the Supreme Court has said that the discrimination itself–not the school's reaction to it–must be 'pervasive'." A.P. v. Fayette County School District, 2023 WL 4174070, *7 (11th Cir. June 26, 2023).

In sum, the allegations in the Plaintiff's First Amended Complaint fall far short of the level of severe and pervasive harassment required to sustain a Title IX claim.

## III. CONCLUSION

Plaintiff does not plausibly allege a Title IX claim against the District because the alleged harassment was not based on sex nor was it sufficiently severe or pervasive. Thus, the District's Motion to Dismiss is due to be granted.

/s/ Taylor P. Brooks
Taylor P. Brooks
Attorneys for Defendant
Piedmont City School District

OF COUNSEL
**LANIER FORD SHAVER & PAYNE P.C.**
Post Office Box 2087
Huntsville, Alabama 35804
(256) 535-1100

## CERTIFICATE OF SERVICE

I hereby certify that I have filed the foregoing upon with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the following:

Teri Ryder Mastando
Eric J. Artrip
Mastando & Artrip, LLC
301 Holmes Avenue, Suite 100
Huntsville, Alabama 35801
teri@mastandoartrip.com
artrip@mastandoartrip.com

Mark S. Boardman
Clay R. Carr
BOARDMAN, CARR, PETELOS, WATKINS & OGLE, P.C.
400 Boardman Drive
Chelsea, Alabama 35043-8211
mboardman@boardmancarr.com
ccarr@boardmancarr.com

On this the 20th day of July, 2023.

/s/ Taylor P. Brooks

-16-